David DOE, et al.

v.

Larry R. MEACHUM, et al.

Civ. No. H–88–562 (PCD).

United States District Court,
D. Connecticut.

April 12, 1989.

Shelley Geballe, Martha Stone, Connecticut Civ. Liberties Union Foundation, Hartford, Conn., J.L. Pottenger, Jr., Jerome N. Frank, Legal Services Organization, New Haven, Conn., for plaintiffs.

Stephen O'Neill, Steve Strom, Richard Couture, Asst. Attys. Gen., Hartford, Conn., for defendants.

## ORDER

DORSEY, District Judge.

Absent objection, the magistrate's ruling is accepted and adopted.

SO ORDERED.

RULING ON DEFENDANTS' REQUEST FOR PERMISSION TO DISCLOSE THE IDENTITIES OF CERTAIN NAMED PLAINTIFFS TO DEPARTMENT OF CORRECTION STAFF AND FOR PARTIAL MODIFICATION OF THE PROTECTIVE ORDER DATED OCTOBER 27, 1988

JOAN GLAZER MARGOLIS, United States Magistrate.

Familiarity is presumed with the factual and procedural history of this litigation. Paragraph 3 of the Protective Order, filed October 27, 1988 (Dkt. # 41), provides in full:

Should attorneys for the defendants have a demonstrated need to disclose the identities of such inmates to persons other than the named defendants, they shall give appropriate notice to plaintiffs' counsel. If, within two (2) business days of such notice, plaintiffs' counsel fails to give approval to such disclosure, defen-

dants' counsel shall file an appropriate application with this Court.

The Protective Order was approved by Judge Dorsey on November 22, 1988 over defendants' objection. (*See* Dkt. # 61).[1]

On March 27, 1989, defendants filed the instant request for permission to disclose the identities of certain named plaintiffs to Department of Correction Staff and for partial modification of the protective order dated October 27, 1988. (Dkt. # 121). Attached to the request were two exhibits— copy of letter, dated January 3, 1989, from Attorney Couture to Attorney Stone (Exh. A); and copy of letter, dated January 5, 1989, from Attorney Geballe to Attorney Couture (Exh. B).[2] Oral argument was held on March 23, 1989. For the reasons stated herein, defendants' request is granted in part and denied in part.

Defendants' request is three-fold: (1) they seek permission to disclose inmate identities as to the wardens for whom plaintiffs have made objection (*see* Exh. B, at 3–5); (2) they seek permission to disclose inmate identities to individuals identified only by their title and/or first names (*e.g.*, "'Oriental' physician at J.B. Gates CC" or "Medic Steve ____ of Hartford CC" or "DOC AIDS counsellors regarding allegation of lack of information") (*see* Exh. B, at 2–3);[3] and (3) they seek to modify the Protective Order to eliminate ¶ 3, arguing that because of the "very tight pre-trial schedule in this case," defendants "simply do not have the time" to disrupt their investigative efforts by continually seeking plaintiffs' and/or the Court's permission prior to interviewing their own employees or agents.[4]

■ At oral argument, plaintiffs agreed to disclosure to any warden as long as an incident at issue in this litigation arose while he or she was warden at such institution. To the extent there are any wardens not included in this agreement, defendants are correct that each warden bears the ultimate responsibility for institutional practices and under administrative procedures is an individual to whom complaints are to be directed. In light of the warden's position within each institution, defendants' request to disclose inmate identities to all the wardens listed in Exhibits A and B is granted.

At oral argument, plaintiffs further agreed to disclosure to the individuals identified by last name. (*See* Exh. B, at 5–6). As to those individuals identified only by job title and/or first name, plaintiffs also agreed to disclosure, once the individuals have become known to defendants and upon execution of the acknowledgement form. Defendants may renew this request if such individuals' complete identities can only be ascertained through disclosure of inmates' names.

■ The Court recognizes the burden that ¶ 3 of the Protective Order places upon defendants. During argument on this issue, defendants, however, offered no alternative other than *carte blanche* authority to disclose plaintiffs' identities to *any* DOC employee. Such blanket authority would give little protection to plaintiffs. Plaintiffs have agreed to some relaxation of the Protective Order, however. To the extent information develops during on-site investigations by defense counsel, about which defense counsel wishes to make immediate inquiry to other DOC personnel, the requirements of ¶ 3 are waived, so long as the recipient of the disclosed information has read the Protective Order and signs the acknowledgement form prior to the disclosure. Similarly, to the extent information develops during the course of the hearing on plaintiffs' motion for preliminary injunction, about which defense counsel wishes to make immediate inquiry, the requirements of ¶ 3 are waived, so long as the recipient of the disclosed information has read or is

---

1. Paragraph 5 of the Protective Order later was modified, in accordance with the Ruling on Cross–Motions for Clarification, filed December 5, 1988. (Dkt. # 68).

2. By agreement of counsel at the oral argument on March 23, 1989, both exhibits were placed under seal.

3. Defendants do not dispute that these individuals, like everyone else to whom disclosure is made, will sign the acknowledgement form.

4. *See* note 4 *supra*.

read the Protective Order and signs the acknowledgement form prior to the disclosure or promptly thereafter.

*See* 28 U.S.C. Section 636(b) (written objections to ruling must be filed within ten days after service of same); F.R.Civ.P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 27th day of March, 1989.

